# CIRCUIT COURT.

## 2d JUDICIAL DISTRICT.—MAY TERM, 1849.

### THE KING vs. B. B. PARISH et als.

The Police Justices of Honolulu and Lahaina have jurisdiction over torts and wrongs arising upon the high seas, when committed on board of Hawaiian vessels.

The jurisdiction of our courts extends to a marine league from the shore, along the coasts of the islands.

When a foreigner, who has committed larceny abroad, comes into this country, and brings the stolen property with him, he may be tried, convicted, and punished in the same manner as if the larceny had been committed here.

This was an appeal from the Police Court of Lahaina.   The facts of the case appeared to be as follows: On the 27th day of April last, Joseph S. Adams, master of the American whale ship America, appeared before A. W. Parsons, Esq., Justice of the Police Court of Lahaina, and made deposition on oath, that Benjamin B. Parish, H. G. O. Robinson, Thomas H. Lowrey, John M. D. Brown, and John Magreery, sailors belonging to the America, had deserted from his vessel, while lying in the roadstead of Lahaina, on the night of the 24th of April last; that he had lost at the same time, a whaleboat of

the value of sixty.five dollars, five oars and a boat keg of the value of twelve dollars; and that he had good reason to believe that the above named Parish and others had stolen and carried away the said boat, oars and boat keg.

On this deposition, the Justice issued a warrant for the arrest of the parties, which was executed the same day, and the accused were brought into court in the custody of the Sheriff. The prisoners at once objected to any proceedings of the court in the matter, on the ground that the case did not come within the jurisdiction of the Police Court. The court overruled this objection, and the prisoners were then called on to plead guilty or not guilty to the charge preferred against them. They then severally pleaded guilty, and the court sentenced them to pay a fine of sixty-one dollars and sixty cents each, and to be imprisoned for the term of four months.

To this judgment of the Police Justice the prisoners' counsel took exception on the ground that the offense of which the parties had been tried and convicted, was committed on board of an American ship upon the High Seas, not within the jurisdiction of the Hawaiian Islands, and therefore not cognizable by the tribunals of this kingdom. Upon this exception to the jurisdiction of the Police Justice, the case came before the Superior Court in Circuit, and was submitted to the decision of the Court without argument.

CHIEF JUSTICE LEE, who delivered the opinion of the Court, stated that the main questions involved in this case were two. 1st. Whether the Police Justice of Lahaina had any jurisdiction over offenses committed upon the High Seas. 2nd. Whether the offense of which the prisoners had been tried and convicted, was committed upon the High Seas, or within the territory of this kingdom and the District of La-. haina.

Upon the first question, the Chief Justice remarked, that Ch. 2, Art. 2, Sec. 1, of the Act to organize the Judiciary Department, gave the Police Justices of Lahaina and Honolulu, "original jurisdiction of torts and wrongs arising upon the High Seas, and the waters within his Majesty's maritime jurisdiction." To say, however, that under this clause of the statute, the Police Justice of Lahaina, or any other justice or judge of this kingdom had jurisdiction of offenses committed on the High Seas, on board of foreign vessels, would involve an absolute absurdity. Such could never have been the intention of the Legislature, for the jurisdiction of a nation could never extend beyond its territory, except in the case of piracy and the like offenses, which being crimes not against any particular nation, but against all mankind, might be punished in the competent tribunal of any country where the offender was found, or into which he might be carried, although committed on board of a foreign vessel on the high seas. That the true construction to be given to this statute, was, that the Police Justices of Lahaina and Honolulu had jurisdiction over torts and wrongs arising upon the high seas, when committed on board of Hawaiian vessels. That the vessels of a nation, on the high seas, were considered by the law of nations as so many portions of its territory. That in this case, where the prisoners were Americans, and the vessel American, it was clear that the Police Justice could have no jurisdiction, if the offense was committed on the high seas.

The Chief Justice then proceeded to the examination and decision

of the second question, namely: Whether the offense was committed on the high seas, or within Hawaiian territory and the jurisdiction of the Police Justice. He said it was admitted that the vessel, at the time of the theft, was riding at anchor in the road of Lahaina, a Hawaiian port of entry and departure by express Legislative enactment, abreast of the town, within three miles distance of, and in constant communication with the shore. This being the case, there could be no question but the offense was committed within Hawaiian territory and the jurisdiction of the Police Justice of Lahaina. That it was the unshaken doctrine of the law of nations, that the maritime territory of every state extends to the ports, harbors, bays, mouths of rivers, adjacent parts of the sea enclosed by headlands, belonging to the same state. The general usage of nations superadds to this extent of territorial jurisdiction a distance of a marine league, or as far as a cannon shot will reach from the shore, along all the coasts of the state. Within these limits its rights of property and territorial jurisdiction are absolute and exclude those of every other nation. That the Legislature of this kingdom in claiming a jurisdiction over the seas surrounding our coasts to the distance of one marine league, had done no more than simply declare the universal law of nations.

Furthermore, it was admitted that the prisoners brought the stolen property to Hawaiian shores. This, said the Chief Justice, of itself alone was sufficient to give the Police Justice jurisdiction; for when a foreigner, who has committed larceny abroad, comes into the country, and brings the stolen property with him, he may be tried, convicted, and punished in the same manner as if the larceny had been committed here. This was the first case in which the question of the jurisdiction of our courts over the waters surrounding our coasts had arisen, and the court had not come to a hasty decision. They were clearly of the opinion that the Police Justice had the requisite jurisdiction to try, convict, and sentence the prisoners.

The laws of the kingdom expressly vouchsafed for the masters of foreign vessels, entering the port of Lahaina, the protection of the laws for themselves, their officers, their men and property; and when the master of the America made his complaint, the Police Justice of Lahaina had no option to issue a warrant or not, but was bound to do as he had done.